# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO, N.A., *et al.*,<br><br>    Defendants. | Case No. 2:10-CV-02080-KJD-PAL<br><br>**ORDER** |

    Presently before the Court are Defendant Nevada Title Company's Motion to Dismiss (#3) and Defendant Wells Fargo, N.A.'s Motion to Dismiss (#5). On November 29, 2010, Plaintiffs filed the present complaint which is titled: ":QUO-WARRANTO-COMPLAINT-DOCUMENT:". Though the Court has construed Plaintiffs' pleadings liberally, as it must when dealing with *pro se* parties, Plaintiffs' complaint is completely non-sensical. Though typewritten, it is completely illegible, because the words strung together fail to follow the general rules of the English language, redefine commonly used terms, and create an absolutely bogus numbering system for each word of relevant documents.

    Defendants' motions seek to dismiss Plaintiffs' complaint for failing to comply with Federal Rule of Civil Procedure 8 which requires complaints contain a short plain statement of the claim showing that the pleader is entitled to relief. Despite pointing out the obvious flaws of Plaintiffs'

complaint, Defendant Toromanova responded with similar garbage.  See Docket No. 11.  The Court will liberally construe this document as Plaintiffs' opposition to the motions to dismiss.[1]  Defendant Wells Fargo filed a reply (#13).

Having read and considered the motions and other pleadings on file, and good cause being found, the Court grants the motions to dismiss.  The complaint fails to contain a short plain statement of Plaintiffs' claims showing that they are entitled to relief.  While the Court would normally allow Defendants to file an amended complaint, doing so in this case would be futile.  When given an opportunity to respond to the assertions that their complaint was meaningless, Plaintiffs' response was virtually identical to the complaint and, at the least, non-responsive to the valid arguments of Defendants.

Accordingly, IT IS HEREBY ORDERED that Defendant Nevada Title Company's Motion to Dismiss (#3) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Wells Fargo, N.A.'s Motion to Dismiss (#5) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiffs' complaint is **DISMISSED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGEMENT** for all Defendants against Plaintiffs.

DATED this 25th day of January 2011.

_____
Kent J. Dawson
United States District Judge

---

[1] The Court recognizes that Plaintiff David Wynn Miller has likely failed to oppose the motions to dismiss entirely.  The only document (#11) that can be construed as an opposition appears to have been filed by Plaintiff Toromanova.  Toromanova, a non-attorney, cannot represent another party.  Additionally, court mail addressed to Plaintiff Miller has been returned (#9).  The Court would dismiss Miller's claims for his failure to update his address if it was not dismissing the claims on the merits.

2